BIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lowell L. Jones,                          :

        Petitioner                    :       Case No. 2:12-cv-0125

      v.                              :       Judge Watson

Brian Cook, Warden,                       :       Magistrate Judge Abel

        Respondent                    :

# Report and Recommendation

Petitioner Lowell Jones, a state prisoner, brings the instant petition for a writ of

habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on the

petition, Respondent's *Return of Writ*, and the exhibits of the parties. For the reasons

that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the facts and procedural

history of this case as follows:

> It is undisputed that while incarcerated in the Licking Coun-
> ty Justice Center, appellant broke a shower curtain rod into
> two pieces and smashed a mirror into shreds of glass. Ap-
> pellant then went to his cell, having with him a shower rod
> and broken pieces of mirror. T. at 67. Deputy Brad Smith
> observed this and sent an alert out. Id. Several officers con-
> verged on appellant's cell. T. at 69. Deputy Smith continued
> surveillance and observed appellant with a jagged piece of
> mirror in his right hand, a shower rod in his left hand, and a
> blanket over his shoulders. T. at 70, 100, 138. Appellant was
> using the blanket to hold the broken mirror, making it into a
> "shank." T. at 104. The officers told appellant to put the

"weapons" down at least three times, but he refused to com-
ply.  T. at 81-82.  The officers lined up in front of the cell
door with Deputy Collins in the lead carrying a shield.  T. at
107-108.  As they entered the cell, Deputy Collins observed
appellant run toward him, broken mirror in hand at ear level
in a raised manner and in a stabbing fashion.  T. at 109-110,
117-118, 123.  The shield was driven into Deputy Collins's
face on impact.  T. at 118, 123.  Appellant was tasered by
Deputy Crystal Maziar.  T. at 83-84.

Deputies Collins, Tanner Vogelmeier, and Jeffrey Ronan
described appellant as "brandishing his weapons" and
possessing an aggressive stance as if to stab someone with
the broken mirror.  T. at 103, 141, 164.  However, Deputy
Ronan testified he did not see the broken mirror or appellant
have anything in his hand.  T. at 169.

*Exhibit 7 to Return of Writ.*

Represented  by new counsel, Petitioner filed a timely appeal.  As his sole

ground on appeal, Jones asserted that his convictions were against he manifest weight

of the evidence.  *Exhibit 7 to Return of Writ.*  On December 16, 2010, the appellate court

affirmed the judgment of the trial court.  *Id.*  Petitioner filed a timely appeal to the Ohio

Supreme Court.  *Exhibit 9 to Return of Writ.*  On April 20, 2011, the Ohio Supreme Court

denied leave to appeal and dismissed the appeal as not involving any substantial con-

stitutional question.  *Exhibit 10 to Return of Writ.*

On March 14, 2011, Petitioner filed a *pro se* application to reopen the appeal

pursuant to Ohio Appellate Rule 26(B).  He asserted he had been denied effective

assistance of appellate counsel based on his attorney's failure to raise the following

claims on direct appeal: defective indictment and ineffective assistance of trial counsel

2

based on his attorney's failure to challenge the indictment prior to trial; insufficient evidence to support a conviction on felonious assault of a peace officer.  *Exhibit 11 to Return of Writ.*  On April 8, 2011, the appellate court denied Petitioner's Rule 26(B) application.  *Exhibit 12 to Return of Writ.*  On August 24, 2011, the Ohio Supreme Court dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question.  *Exhibit 15 to Return of Writ*.

On February 9, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts that his convictions were against the manifest weight of the evidence (claim one); that he was denied effective assistance of appellate counsel (claim two); denied effective assistance of trial counsel based on his attorney's failure to challenge a defective indictment (claim three); and that the evidence was constitutionally insufficient to sustain his convictions (claim four).   It is the position of the Respondent that Petitioner's claims are procedurally defaulted or fail to provide a basis for federal habeas corpus relief.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration.  28 U.S.C. § 2254(b), (c).  If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies.

*Id.*; *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004).  If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate caus e for the procedural default and actual prejudice resulting from the alleged constitutional error.  *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724;  *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*).  Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state pro-cedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually en-forced the state procedural sanction. . . .  Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138  (internal quotations omitted).  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his claims

on the merits if he establishes: (1) a substantial reason to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.* 'Cause' under this test "must be something *external* to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id* at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc,* 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In claim three, Petitioner asserts he was denied effective assistance of counsel because his attorney failed to challenge the indictment as defective. This claim is readily apparent from the face of the record, because a review of the record shows that his attorney did not challenge the indictment as defective. In Ohio, claims apparent on

the face of the record must be presented to the court of appeal on direct appeal. When a claim apparent on the face of the record is not raised on direct appeal, Ohio's doctrine of *res judicata* holds that the claim is procedurally barred and cannot be raised in post-conviction relief or in any other collateral proceeding. See *State v. Cole,* 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981); *State v. Perry,* 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule at issue because Jones did not file a postconviction action.

The Magistrate Judge finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. See *Coleman v. Thompson,* 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia,* 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell,* 268 F.3d 417, 427–29 (6th Cir. 2001);

6

*Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins,* 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata,* to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16.  Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Magistrate Judge concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, the Magistrate Judge is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner may still obtain review of this claim on the merits if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violations.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir.2003). The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89

(1986)).

As cause for his procedural default, the Court presumes Petitioner asserts the ineffective assistance of appellate counsel, as raised in habeas corpus claim two.[1] The state appellate court rejected this claim in relevant part as follows:

> [A]ppellant claims his appellate counsel was ineffective for failing to cite as error the fact that the indictment as to Count I, assault on a peace officer in violation of R.C. 2903.11(A)(2), did not include the peace officer's name and that he was in the performance of his official duties. The purpose of an indictment is to give a defendant adequate notice of the charge filed against him. . . . The indictment *sub judice* informed appellant of the charge against him and was not required to allege that the peace officer was in the performance of his official duties as set forth in R.C. 2903.13(C)(3). The peace officer's name was readily available via a bill of particulars which provides a defendant with greater detail of the nature of the charges against him.

*Exhibit 12 to Return of Writ.*

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The

---

[1] Petitioner plainly argued before the Ohio Court of Appeals in Rule 26(B) proceedings, that he was denied effective assistance of appellate counsel based on his attorney's failure to raise a claim of ineffective assistance of trial counsel due to his attorney's failure to object to the defective indictment. *See Exhibit 11 to Return of Writ*, PageID#149.

> applicant shall have the burden of rebutting the presumpt-
> ion of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was

contrary to or an unreasonable application of clearly established federal law, or based

on an unreasonable determination of the facts in light of the evidence that was present-

ed. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a per-
> son in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different
> from an incorrect application of federal law." *Williams v.
> Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389
> (2000). Indeed, "a federal habeas court may not issue the writ
> simply because that court concludes in its independent
> judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly."
> *Id.*, at 411, 120 S.Ct. 1495. Rather, that application must be
> "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495. This
> distinction creates "a substantially higher threshold" for
> obtaining relief than de novo review. *Schriro v. Landrigan*,
> 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007).
> AEDPA thus imposes a "highly deferential standard for
> evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320,

> 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and
> "demands that state-court decisions be given the benefit of
> the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357,
> 154 L.Ed.2d 279 (2002) ( per curiam ).

*Renico v. Lett*, – U.S. –, 130 S.Ct. 1855,1862 (2010)(footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the
> holdings, as opposed to the dicta, of this Court's" cases. *Wil-
> liams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d
> 389 (2000). An "unreasonable application" of that law in-
> volves not just an erroneous or incorrect decision, but an
> objectively unreasonable one. *Renico v. Lett*, 559 U.S. ----, 130
> S.Ct. 1855, 176 L.Ed.2d 678 (2010).

*Wong v. Smith*, 131 S.Ct.10 (Mem), 2010 WL 752363, at *2 (Nov. 1, 2010). "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as "'fair-

minded jurists could disagree' on the correctness of the state court's decision. *Harring-

ton v. Richter*, – U.S. –, 131 S.Ct. 770, 786 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S.

652, 664 (2004)).  Petitioner has failed to meet this standard here.

    The right to counsel guaranteed by the Sixth Amendment is the right to the

effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The

standard for demonstrating a claim of ineffective assistance of counsel is composed of

two parts:

> First, the defendant must show that counsel's performance
> was deficient. This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> "counsel" guaranteed the defendant by the Sixth Amend-
> ment. Second, the defendant must show that deficient per-
> formance prejudiced the defense. This requires showing that
> counsel's errors were so serious as to deprive the defendant
> of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish the second prong of the *Strickland* test, prejudice, a Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781–82 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

1.   Were the omitted issues "significant and obvious?"

2.   Was there arguably contrary authority on the omitted issues?

3.   Were the omitted issues clearly stronger than those presented?

4.   Were the omitted issues objected to at trial?

5.   Were the trial court's rulings subject to deference on appeal?

6.   Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

7.   What was appellate counsel's level of experience and expertise?

8.   Did the Petitioner and appellate counsel meet and go over possible issues?

9.   Is there evidence that counsel reviewed all the facts?

10.  Were the omitted issues dealt with in other assignments of error?

11.  Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427–28 (6th Cir.1999).

Petitioner has failed to demonstrate that the indictment was constitutionally defective.  Count one of the indictment tracked the language of O.R.C. § 2903.11(A)(2), charging that Jones, on or about December 26, 2009, in Licking County, in violation of O.R.C. § 2901.12, knowingly caused or attempted to cause physical harm by means of a deadly weapon, the victim being a peace officer.  *Exhibit 1 to Return of Writ*.  The indict-

12

ment thereby, as the Ohio Court of Appeals held, provided Petitioner adequate notice of the elements of the offense charged.

"[D]efects in an indictment do not deprive the court of the power to adjudicate the case." *See United States v. Cotton*, 535 U.S. 625, 629-30 (2002). Procedural due process requires that the indictment: "(1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." *Joseph v. Coyle,* 469 F.3d 441, 463 (6th Cir.2006) (quoting *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir.2005)); *see also Cole v. Arkansas*, 333 U.S. 196, 20 (1948). The law is clear that "[b]eyond notice, a claimed deficiency in a state criminal indict-ment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir.2002) (citing *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986)). The Constitution only requires that whatever charging method a state employs, the state must give a defend-ant fair notice of the charges to permit adequate preparation of his defense, so "that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988).

Here, the indictment provided Petitioner fair notice of the charge against him sufficient to enable him adequately to prepare a defense. Although the Count One of the indictment did not explicitly identify the name of the victim, such failure does not render the indictment constitutionally invalid.

[I]n the context of federal habeas corpus review. . . the

13

> question of whether the accused was denied the right to be
> informed of the charge against him does not turn exclusively
> upon the content of the indictment or information. That is,
> the accused's constitutional right to notice of the charge
> brought against him can be satisfied by the availability of
> other means of obtaining notice of the factual or legal basis
> of the charge against him, such as a bill of particulars. . . . See
> *Liner v. Phelps,* 731 F.2d 1201 (5th Cir.1984).  Thus, if the in-
> dictment or information is sufficient to give the convicting
> court jurisdiction under state law and if the accused has not
> been denied the opportunity to obtain sufficient notice of the
> factual and legal basis of the charge against him through
> other available means, no basis for federal habeas relief
> flows from the alleged failure of the indictment or inform-
> ation to provide notice regarding the various particulars of
> the charge brought against the petitioner. See id.

*Dowell v. C.M. Lensing,* 805 F.Supp. 1335, 1343 (M.D. La. 1992)(footnotes omitted).

Petitioner does not dispute the state court's factual finding that he was provided the

name of the police officer involved in Count One of the indictment through a bill of

particulars, and there is no evidence to the contrary in the record.  Therefore, Petitioner

has failed to establish that the indictment was constitutionally defective, or that his

attorney performed in a constitutionally ineffective manner in failing to raise this claim

on direct appeal.  Petitioner likewise has failed to establish cause for his procedural

default of claim three.

In claims one and four, Petitioner asserts that his convictions were against the

manifest weight of the evidence and that the evidence was constitutionally insufficient

to sustain his convictions.  According to Respondent, the latter claim is waived because

Petitioner failed to raise the same issue on direct appeal; however, Petitioner asserted in

Rule 26(B) proceedings that he was denied effective assistance of counsel because his

attorney failed to raise on direct appeal a claim that the evidence was constitutionally

insufficient to sustain his conviction:

> Appellant . . . claims his appellate counsel was ineffective for
> failing to cite as error insufficient evidence on the issue of
> "knowingly*** [c]ause or attempt to cause physical harm to
> another."  This court reviewed the case under a manifest
> weight of the evidence standard.  The entire record was re-
> viewed and the evidence was weighed and carefully exam-
> ined.  In ¶13 of the opinion, we set forth the fact that appel-
> lant ran toward peace officers with a "broken mirror in hand
> at ear level in a raised manner and in a stabbing fashion."
>
> Upon review, we do not find a genuine issue exists as to
> whether appellant was deprived of the effective assistance of
> counsel on appeal.

April 8, 2011 Judgment Entry, Ohio Court of Appeals, *Return of Writ, Exhibit 12*, Doc.9-1,

PageID 152. Moreover, the United States Court of Appeals for the Sixth Circuit, in an

unreported decision, has held that a Petitioner does not waive a claim of insufficiency of

the evidence for federal habeas review by arguing in the state courts solely that his

conviction was against the manifest weight of the evidence, because a a conviction

supported by the manifest weight of the evidence necessarily includes a finding of

sufficiency of the evidence.  *Nash v. Eberlin*, 258 Fed.Appx. 761, 764-65 (6th Cir. 2007)

(citing *State v. Lee*, 158 Ohio App.3d 129 (2004)); *see also Brown v. Hudson*, No. 5:08CV599,

2008 WL 586070, at *5-6 (N.D. Ohio Jan. 21, 2001)(following *Nash*); but see  *Ross v. Miller*,

No. 1:10-cv-01185, 2011 WL 2292146, at *5 (N.D. Ohio May 10, 2011)(declining to resolve

the procedural default issue instead dismissing the claim on the merits).  Therefore, the

Magistrate Judge will address the merits of Petitioner's claim of insufficiency of the

evidence.

The state appellate court rejected Petitioner's claim that his convictions were

against the manifest weight of the evidence in relevant part as follows:

> Appellant claims his convictions were against the manifest
> weight of the evidence.  We disagree.
>
> ***
>
> Appellant was convicted of felonious assault on a peace
> officer in violation of R.C. 2903.11(A)(2) and assault on a
> peace officer in violation of R.C. 2903.13(A) which state the
> following, respectively:
> "(A) No person shall knowingly do either of the following:
>
> "(2) Cause or attempt to cause physical harm to another or to
> another's unborn by means of a deadly weapon or
> dangerous ordnance.
>
> "(A) No person shall knowingly cause or attempt to cause
> physical harm to another or to another's unborn."
>
> Appellant argues the testimony of Licking County Sheriff's
> Deputy Mike Collins was contradicted by the other officers
> and the video presented.  Appellant argues the evidence did
> not support a verdict that he had a deadly weapon and
> attempted to cause physical harm.
>
> Initially, it is important to note that the convictions were
> merged for purposes of sentencing.  T. at 223.  R.C.
> 2941.25(A) states, "[w]here the same conduct by defendant
> can be construed to constitute two or more allied offenses of
> similar import, the indictment or information may contain
> counts for all such offenses, but the defendant may be con-
> victed of only one.  Because defense counsel agreed with the
> merger, we cannot find it was error as the result in sent-
> encing was the same.

16

Appellant disputes the fact that he had a deadly weapon on him at the time of the incident. It is undisputed that while incarcerated in the Licking County Justice Center, appellant broke a shower curtain rod into two pieces and smashed a mirror into shreds of glass. Appellant then went to his cell, having with him a shower rod and broken pieces of mirror. T. at 67. Deputy Brad Smith observed this and sent an alert out. Id. Several officers converged on appellant's cell. T. at 69. Deputy Smith continued surveillance and observed appellant with a jagged piece of mirror in his right hand, a shower rod in his left hand, and a blanket over his shoulders. T. at 70, 100, 138. Appellant was using the blanket to hold the broken mirror, making it into a "shank." T. at 104. The officers told appellant to put the "weapons" down at least three times, but he refused to comply. T. at 81-82. The officers lined up in front of the cell door with Deputy Collins in the lead carrying a shield. T. at 107-108. As they entered the cell, Deputy Collins observed appellant run toward him, broken mirror in hand at ear level in a raised manner and in a stabbing fashion. T. at 109-110, 117-118, 123. The shield was driven into Deputy Collins's face on impact. T. at 118, 123. Appellant was tasered by Deputy Crystal Mazier. T. at 83-84.

Deputies Collins, Tanner Vogelmeier, and Jeffrey Ronan described appellant as "brandishing his weapons" and possessing an aggressive stance as if to stab someone with the broken mirror. T. at 103, 141, 164. However, Deputy Ronan testified he did not see the broken mirror or appellant have anything in his hand. T. at 169.

December 16, 2000 Opinion, Ohio Court of Appeals for the Fifth District, *Return of Writ, Exhibit 7*, Doc.9-1, PageID 114-16.

The factual findings of the state appellate court are presumed to be correct.

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The

17

> applicant shall have the burden of rebutting the presumption
> of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

28 U.S.C. § 2254(d). In order to obtain habeas corpus relief, Petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon,* --- U.S.-- - - -, 132 S.Ct. 26, 2011 WL 5299458, at *1 (Nov. 7, 2011) (quoting *Harrington v. Richter,* 562 U.S. ----, ----, 131 S.Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error cor-

18

rection through appeal." *Harrington v. Richter,* 131 S.Ct. at 786 (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5(1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting Yarborough v. Alvarado, 541 U.S. 652, 664(2004)).

To the extent that Petitioner asserts in these proceedings that his convictions were against the manifest weight of the evidence, this claim fails to present an issue appropriate for federal habeas corpus review. The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir.1983). Under Ohio law, however, a claim that a verdict was against the manifest weight of the evidence—as opposed to one based upon insufficient evidence—requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); cf. Tibbs v. Florida, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, Petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court.

19

As to Petitioner's contention that the evidence was constitutionally insufficient to sustain his convictions, before a criminal defendant can be convicted consistent with the United States Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 319. To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West,* 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilty." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume- even if it does not appear on the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326).

Further, there is a "double layer" of deference due to state court determinations about the sufficiency of the evidence. As explained in *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir.2009), deference is due to the jury's finding of guilt because the standard, established by *Jackson v. Virginia,* is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th

20

Cir.2009). This is a substantial hurdle for a habeas corpus petitioner to overcome, and Petitioner has not done so here. For the reasons addressed by the state appellate court, when viewing the evidence in the light most favorable to the prosecution, this Court agrees that the evidence was constitutionally sufficient to sustain Petitioner's convictions.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,*

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


s/Mark R. Abel
United States Magistrate Judge